**Dorothy J. RATH, Surviving Spouse, Personal Representative and Heir of the Estate of William F. Rath, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–2552.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1984.

Decided May 9, 1984.

Steven E. Achelpohl, Christine M. Schild, Schumacher & Gilroy, Omaha, Neb., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard Farber, Patricia A. Willing, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; Ronald D. Lahners, U.S. Atty., Omaha, Neb., of counsel.

Before BRIGHT, Circuit Judge, SWYGERT, Senior Circuit Judge,[*] and BOWMAN, Circuit Judge.

BRIGHT, Circuit Judge.

Dorothy J. Rath appeals from a decision of the district court[1] to grant the government's motion for summary judgment in this estate tax refund suit. We affirm.

Dorothy J. Rath is the surviving spouse and heir of William F. Rath, who died in 1977, and the personal representative of his estate. The estate filed an estate tax return in 1978, and paid some $41,000 in taxes. The estate met the requirements for special use valuation of certain farm property under 26 U.S.C. § 2032A (1976), but did not elect such special valuation because Mrs. Rath anticipated that she would not "materially participate" in the management of the farm for the statutory

---

[*] LUTHER M. SWYGERT, United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska.

fifteen-year period, which failure materially to participate would make any estate tax benefit the estate had obtained through special use valuation subject to eventual recapture.

In 1981, three years after the Rath estate paid its tax, Congress enacted the Economic Recovery Tax Act (ERTA), 95 Stat. 172. ERTA section 421 effected a number of amendments to the special use valuation provisions of 26 U.S.C. § 2032A. Section 421(c)(1) shortened the recapture period from fifteen to ten years. Section 421(c)(2) allowed a qualified heir a two-year grace period after the decedent's death within which to commence the qualified use, and relaxed the "material participation" requirement for certain heirs, including surviving spouses. Section 421(k)(5) gave some of the amendments to section 2032A, including those contained in section 421(c)(2), retroactive application, in some circumstances, to the estates of decedents who died after December 31, 1976.[2]

Had the relaxed material participation standards for surviving spouses contained in ERTA section 421(c)(2) been in effect in 1978, the Rath estate could have claimed the benefits of special use valuation, apparently without facing any immediate likelihood of recapture. After the enactment of ERTA, therefore, Mrs. Rath filed an amended return, and later this refund suit, on behalf of the estate, contending that section 421(k)(5)(A), which made retroactive

the amendments contained in section 421(c)(2), entitled the estate to elect special use valuation *nunc pro tunc* and to have the full estate tax paid refunded. The IRS opposed the refund, however, citing section 421(k)(5)(B), which made the retroactivity provisions of section 421(k)(5)(A) applicable only to estates that had made a timely election of special use valuation. Under the relevant portions of the Internal Revenue Code, 26 U.S.C. §§ 2032A(d)(1) and 6075(a), the time for the Rath estate to elect special use valuation had expired on July 29, 1978 (the filing deadline for the original estate tax return, nine months after Mr. Rath's death).

Mrs. Rath argued in district court, however, that notwithstanding the timely-election requirement of section 421(k)(5)(B), the estate was entitled to a refund by reason of ERTA section 421(k)(5)(D), which waived any statute of limitations that might bar the making of a refund arising from the retroactive amendments to section 2032A, provided the refund claim was made within six months after ERTA was enacted.

The district court examined the legislative history of ERTA section 421 and concluded that Congress did not intend the change in the material participation standard to apply retroactively to estates for which the time to elect special use valuation had expired on or before July 28, 1980, and which had failed so to elect within the time originally allowed.[3] The section

**2.** Section 421(k)(5) provides as follows:
(5) CERTAIN AMENDMENTS MADE RETROACTIVE TO 1976.—
(A) IN GENERAL.—The amendments made by subsections (b)(1), (c)(2), (j)(1), and (j)(2) shall apply with respect to the estates of decedents dying after December 31, 1976.
(B) TIMELY ELECTION REQUIRED.—Subparagraph (A) shall only apply in the case of an estate if a timely election under section 2032A was made with respect to such estate. If the time for making an election under section 2032A with respect to any estate would have otherwise expired after July 28, 1980, the time for making such election shall not expire before the date 6 months after the date of the enactment of this Act.
(C) REINSTATEMENT OF ELECTIONS.—If any election under section 2032A was revoked before the date of the enactment of this

Act, such election may be reinstated within 6 months after the date of the enactment of this Act.
(D) STATUTE OF LIMITATIONS.—If on the date of the enactment of this Act (or at any time within 6 months after such date of enactment) the making of a credit or refund of any overpayment of tax resulting from the amendments described in subparagraph (A) is barred by any law or rule of law, such credit or refund shall nevertheless be made if claim therefor is made before the date 6 months after such date of enactment.

**3.** *See, e.g.,* H.R.Rep. No. 201, 97th Cong., 1st Sess. 179 (1981), which explains that retroactive application of certain amendments is available to:
(a) All estates of decedents dying after December 31, 1976, *for which the estate tax*

421(k)(5)(D) waiver of applicable statutes of limitations was not intended as a waiver also of the timely-election requirement set forth in section 421(k)(5)(B). In other words, the pre-ERTA decision not to elect special use valuation remained irrevocable for all estates that had faced an election deadline on or before July 28, 1980, including the Rath estate, notwithstanding the waiver of the limitations period for seeking a refund, and the retroactivity language of section 421(k)(5)(A).

We agree with the district court's construction of section 421(k)(5). Section 421(k)(5)(B) is unambiguous in limiting the retroactive application of the 1981 amendments to those estates that made a timely election of special use valuation. Section 421(k)(5)(D), despite its reference to "any law or rule of law," is clearly a waiver only of the statute of limitations on refund claims, not of the timely special use valuation election requirement so unambiguously set forth in section 421(k)(5)(B). The waiver of the statute of limitations means, in this case, nothing more than that the usual three-year statute of limitations on refund claims[4] does not apply to Mrs. Rath's suit. It does not undo the estate's decision not to elect special use valuation in 1978, a decision which, under section 421(k)(5)(B), clearly renders the estate ineligible for retroactive application of the new special use valuation rules adopted as part of ERTA.

No error of law appearing on the part of the district court,[5] we affirm the judgment in favor of the United States.

*return was due and timely filed on or before June 28, 1980, provided that the estate timely elected current use valuation on the decedent's estate tax return* (even if the election was subsequently revoked pursuant to Treas. reg. § 20.2032A–8(d)); and

(b) All estates of decedents for which a timely estate tax return was due and filed after July 28, 1980 (the date on which the final Treasury regulations under section 2032A were adopted), and on or before the date of enactment of the bill, whether or not the estate originally elected the current use valuation provision. [Emphasis added.]

4. *See* 26 U.S.C. § 6511(a). The Rath estate filed its original return on July 24, 1978, but did not make its refund claim until February 9, 1982, more than six months after the three-year limitations period had expired.

5. Section 104(b)(4) of the Technical Corrections Act of 1982, 96 Stat. 2365, which was enacted after Mrs. Rath brought her suit in district court, amended ERTA section 421(k)(5)(A) to clarify that of the provisions contained in ERTA section 421(c)(2), only the allowance of a two-year grace period for commencement of qualified use, not the relaxation of the material participation standard, was to be retroactive to 1976. Though the district court decided this case after the enactment of the Technical Corrections Act, neither party brought the Act to the district court's attention, and the court did not base its decision on the Act. Because we regard the district court's construction of ERTA section 421(k)(5) as sound, and as having an adequate basis in the legislative history of ERTA, quite apart from the subsequent technical corrections, we need not rest our decision on the provisions of the Technical Corrections Act.